IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEISHA D. HEAVENER, | : | |
| Plaintiff, | : | Case No. 2:16-cv-0073 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge Deavers |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before the Court for consideration of Plaintiff Keisha D. Heavener's ("Heavener") Objection to Magistrate Judge Deavers's February 21, 2017 **Report and Recommendation** (Doc. 17), which recommends that this Court overrule Heavener's Statement of Specific Errors (Doc. 10) and affirm the Defendant Commissioner of Social Security's ("Commissioner") decision. Upon independent review by this Court, and for the reasons set forth below, Heavener's Objection is hereby **OVERRULED**. The Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's **Report and Recommendation**.

## I. BACKGROUND

Heavener applied for Disability Insurance Benefits ("DIB") in September 2012. She alleged that she became disabled on December 1, 2000. After initial administrative denials of her application, an Administrative Law Judge ("ALJ") conducted a hearing on May 2, 2014. On July 9, 2014, the ALJ issued a decision finding that Heavener was not disabled within the meaning of the Social Security Act.

1

In his opinion denying benefits, the ALJ conducted the required five-step sequential analysis for a disability benefits claim. *See* 20 C.F.R. § 416.920(a)(4).[1] At step one, the ALJ determined that Heavener has not engaged in substantially gainful activity since June 30, 2009, her date last insured ("DLI").

At step two, the ALJ found that through her date last insured ("DLI") of December 31, 2011, Heavener had the severe impairments of post remote Harrington rod insertion for thoracic scoliosis, status post laminectomy at L5-S1, a history of restrictive lung disease, and congenital abnormality of the right upper extremity. The ALJ also concluded that Heavener's depression and obsessive compulsive disorder ("OCD") were non-severe impairments.

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

At step three, the ALJ further found that these impairments, whether taken alone or in combination, did not meet or medically equal one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found that Heavener had the residual functional capacity ("RFC") to perform sedentary work, except that she could not climb ladders/ropes/scaffolds, or be exposed to hazards such as dangerous machinery, or reach overhead with her upper right extremity. Relying on vocation expert ("VE") testimony, the ALJ found that with this RFC, Heavener could perform past relevant work.

At step five, because the ALJ found that Heavener could perform her past relevant work as an administrative assistant and front office assistant, he found that she was not disabled under the Social Security Act.

The ALJ's assessment of Heavener's medical impairments and her RFC was based primarily on medical evidence from the record and testimony from Heavener's primary care physician, which now forms the crux of this dispute. Upon evaluating all of the medical evidence, the ALJ weighed each of the treating and evaluating physicians' medical opinions.

Dr. Stephen Canowitz, Heavener's primary care physician, held a doctor-patient relationship with Heavener since May 2004. In February 2013, Dr. Canowitz suggested that Heavener would not be able to perform any meaningful work because she was likely to have partial or full day unscheduled absences from work occurring five or more days per month, and he opined that her condition would be likely to deteriorate if placed under job-related stress because of her anxiety. The ALJ assigned this opinion little weight, however, because Dr. Canowitz's opinion was not supported by the available medical evidence.

3

The ALJ also assigned little weight to the opinions of the state-agency reviewing physicians, because he determined there was sufficient evidence to evaluate Heavener's disability application.

The Appeals Council denied Heavener's request for review of the ALJ's determination on December 4, 2015, thus rendering the ALJ's benefits-denial decision the Commissioner's final agency action. Heavener then filed suit in federal court, alleging in her Statement of Errors that the ALJ's finding was incorrect because he erred in finding that she suffered from non-severe mental health impairment and that the ALJ erred in not following the treating source rule.

On February 21, 2017, the Magistrate Judge recommended that this Court overrule Heavener's Statement of Errors and affirm the Commissioner's denial of benefits. The Magistrate first noted that "if no signs or laboratory findings substantiate the existence of an impairment, it is appropriate to terminate the disability analysis." (Doc. 17, PageID 444). The Magistrate then noted that while the ALJ acknowledged that Heavener possessed medically determinable mental impairments, they were non-severe because they "caused no more than a mild limitation in her ability to perform mental work activities." (*Id*. at PageID 445). The Magistrate concluded that "no contemporaneous therapy or counseling records demonstrate how depression or OCD affected [Heavener]'s ability to function or work during that time (*Id*.). The Magistrate also rejected Heavener's argument under the treating source rule after finding that the ALJ provided sufficient justification for rejecting Dr. Canowitz's opinion. Heavener timely objected.

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

## III. ANALYSIS

Heavener objects to the Magistrate Judge's Report and Recommendation solely on the ground that the ALJ erred by violating the long-standing "treating source rule." Heavener requests that the Court reverse the Commissioner's denial of her benefits claim because of this alleged error.

### A. The ALJ Did Not Violate the "Treating Source Rule."

Heavener objects to the Magistrate Judge's recommendation regarding the ALJ's treatment of Dr. Canowitz's opinion on the grounds that the ALJ did not follow the treating source rule. Reviewing the record in its entirety, this Court disagrees with Heavener and finds

5

substantial evidence in the record to support the limited weight the ALJ accorded to the opinions of Heavener's primary care physician.

The treating source rule provides some deference to the opinions of a claimant's primary healthcare providers because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical filings alone . . . ." 20 C.F.R. § 416.927(c)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009) ("[A]s a treating physician, any opinions [the doctor] made should have been controlling weight absent justifiable reasons—made on the record—for discounting those opinions." (citing SSR 96-2p, 1996 WL 374188, at *4–5 (July 2, 1996))). If the treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 416.927(c)(2).

The treating source rule does not require blind (or absolute) deference, however. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). An ALJ may decline to afford controlling weight to a treating source's opinion, but the ALJ must meet certain procedural requirements first. *Id.* These requirements include consideration of "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Id.* An ALJ, moreover, must "always give good reasons" in his or her decision "for the weight [the ALJ] give[s]" to a treating source's opinion. 20 C.F.R. § 416.927(c)(2); *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) ("The ALJ's decision as to how much weight to accord a medical opinion must be accompanied

by 'good reasons' that are 'supported by the evidence in the case record, and must be sufficiently specific . . . .'" (quotation omitted)).

Heavener urges the Court to consider the totality of the medical opinion of record in arguing that the ALJ violated the treating source rule. (Doc. 18, PageID 448 ("[T]he ALJ declined to rely upon any medical opinion of record.")).

The ALJ was entitled to deny Dr. Canowitz's opinion controlling weight because he fairly determined that it was not supported by the record as a whole. Consistency is a factor that must be evaluated when determining how much weight to give *any* medical opinion, including the primary, treating physician. 20 C.F.R. § 416.927(c)(4); *Blakely*, 581 F.3d at 406. As the regulation states, "the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." 20 C.F.R. § 416.927(c)(4).

This Court agrees that the ALJ provided a thorough treatment of the evidence and appropriately balanced Dr. Canowitz's opinion against the rest of the record. Dr. Canowitz opined that Heavener's back, lung, and right arm issues prevent her from engaging in any gainful employment. But this opinion (which more accurately states a legal conclusion) stands in contrast to other evidence from the record, including Dr. Canowitz's own treatment notes, which reflect that Heavener has only some occasional shortness of breath and restrictive lung disease but was "otherwise doing quite well." (Doc. 8 at PageID 334). An ALJ correctly discounts an opinion of a treating physician that is not supported by his or her treatment notes. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997) (upholding the failure to accord a treating physician's opinion controlling weight if the physician's own diagnostic reports are unsupportive of petitioner's disability claim); 20 C.F.R. § 404.157(c)(20 and (3) (identifying "supportability" and "consistency' as relevant considerations).

Heavener, in her objection to the Report and Recommendation, fails to address any medical evidence conflicting with her position despite claiming that the ALJ "erroneously minimized the limitations" imposed on Heavener. (Doc. 18 at PageId 448). Heavener notes only Dr. Canowitz's 2013 report as evidence of the doctor's argument that his opinion is entitled to controlling weight. In contrast to Dr. Canowitz's opinion, in addition to his own treatment notes which were discussed above, stands the fact that Heavener has not required pain medications, participation in pain management, or any subsequent surgeries. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x, 719, 727 (6th Cir. 2013) (minimal or lack of treatment is valid reason to discount severity); *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 931 (6th Cir. 2007) ("The ALJ properly considered as relevant the fact that [the claimant's] medical records did not indicate that [claimant] received significant treatment . . . during the relevant time period.") Further, recorded in progress notes from her June 2001 physical therapy session, Heavener reported "no pain at all." (Doc. 8 at PageId 83).

As explained more thoroughly in the Report and Recommendation, the ALJ fairly weighed the evidence as a whole, crediting that which was consistent with the record and discrediting that which stood as an outlier. Moreover, the ALJ appropriately explained his findings and the weight he accorded to each source. That is all the treating source rule requires. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation on this point and affirms the Commissioner's decision.

## IV. CONCLUSION

For these reasons, the Court **ACCEPTS** and **AFFIRMS** Magistrate Judge Deavers's **Report and Recommendation** (Doc. 17), thereby **OVERRULING** Heavener's objection

(Doc. 18). The Commissioner's denial of benefits is **AFFIRMED**. This case is hereby **DISMISSED**.

IT IS SO ORDERED.

                                        /s/ Algenon L. Marbley
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

DATED: **March 21, 2017**